** Summary ** PURCHASE OR REPAIR EXPENSES OF RADIO EQUIPMENT IMPROPER EXPENDITURE FROM COURT FUND The purchase, installation and repair of a police radio or any other radio equipment for the Associate District Judge's or Probation Officer's automobile is an improper expenditure from a Court Fund. It would have been an improper expenditure for radio equipment to be purchased for an Associate District Judge or Probation Officer prior to January 1, 1972, from unappropriated surplus court funds pursuant to 20 O.S. 1309 [20-1309] (1970) and 62 O.S. 338 [62-338] (1961) which have since been repealed. The Attorney General has considered your opinion request wherein you, in effect, ask the following question: "Are the purchase, installation and repair of a police radio or any other radio equipment, for use in the automobiles of Associate District Judges and Probation Officers, a proper and legal expenditure from the Court Fund?" The current statutes providing for and regulating Court Funds are found in Title 20 O.S. 1301 [20-1301] (1971) and following. Title 20 O.S. 1304 [20-1304] (1971) provides: "(a) Claims against the Court Fund shall include only such expenses as may be lawfully incurred for the operation of the Court in the county. Payment of the expenses may be made after the claim therefor is approved by the District Judge who is a member of the governing board of the Court Fund and either the local Court Clerk or the local Associate District Judge who is a member of said governing board. "(b) The term 'expenses' shall include the following items and none others: "(1) Principal and interest on bonds issued prior to January 1, 1968 (19 O.S. 771-778 [19-771-778] (1970) inclusive). "(2) Compensation of bailiffs and part-time help; "(3) Juror and witness fees and mileage, as well as overnight accommodation and food expense for jurors kept together as set forth in 28 O.S. 81 [28-81] (1961) et seq., except that expert witnesses who appear on behalf of the State of Oklahoma shall be paid a reasonable fee for their services from the Court Fund; "(4) Office supplies, books of record, postage and printing; "(5) Furniture, fixtures and equipment; "(6) Renovating, remodeling and maintenance of courtrooms, judge's chambers, clerk's offices and other areas primarily used for judicial functions; "(7) Judicial robes; "(8) Attorney's fees for indigents in the trial and on appeal; "(9) Transcripts ordered by the Court; "(10) Necessary telephone expenses; "(11) Any other expenses now or hereafter expressly authorized by statute . . ." (Emphasis added) Your attention is directed to two aspects of the preceding statute. The statute itself expressly provides that those enumerated expenditures are an exclusive list of proper payments from the Court Fund. Also, in the listing of proper expenditures from the Court Fund in the statute, no mention is made of purchase, installation or repair of radio equipment. Attorney General's Opinion No. 69-202 held: "Section 1304 of the New Court Fund Act defines those expenses which may be lawfully paid out of the New Court Fund. Radar and radio units for traffic law enforcement are not included as a lawful expenditure. We find no authority to purchase this equipment from the New Court Fund. Therefore, it is the opinion of the Attorney General that such equipment may not be purchased with money from the New Court Fund." Attorney General's Opinion No. 69-209 held: "The County Sheriff's two-way radios may not be maintained with monies from the New Court Fund." Attorney General's Opinion 71-355 held that the cost of the Sheriff's radio could not be paid from the Court Fund. The opinion stated in part: "With respect to funds for the Sheriff's radio, we refer you to Attorney General's Opinion No. 69-209, dated June 6, 1969. . . . The opinion held that the County Sheriff's two-way radios could not be maintained with monies from the Court Fund. Authority for the purchase or maintenance of Sheriff's radios has not been added to Title 20 O.S.Supp. 1970, 1304, and therefore such expense is not authorized." From the foregoing opinions of the Attorney General it is eminently clear that the current monies from the Court Fund may not be used to purchase, install or maintain radio equipment for various law enforcement officers. In view of the fact that such equipment is not proper for sheriffs, it would follow that the Court Fund could not be used to purchase radio equipment for an Associate District Judge or Probation Officer. A distinguishable situation would be where unappropriated surplus monies from the Court Fund under the prior Court Fund statutes were expended for radio equipment. Title 20 O.S. 1309 [20-1309] was adopted with the original new Court Fund statutes in House Bill No. 1323 which is now 20 O.S., 1301 et seq. Title 20 O.S. 1309 [20-1309] provided: "1309. Expending of unappropriated surplus Court Funds. — Unappropriated surplus Court Funds in existence on the effective date of this Act may be expended for any or all purposes which were legal under the Statutes of Oklahoma prior to the date this Act is signed into law. Laws 1968, c. 412, 10." The effective date of 20 O.S. 1309 [20-1309] was January 13, 1969. It was repealed by House Bill 1013, effective January 1, 1972. Therefore, those unappropriated surplus Court Funds in existence prior to and on January 13, 1969, to January 1, 1972, could be expended for those purposes enumerated in the old Court Fund Act, 62 O.S. 321 [62-321] (1961) et seq. which has also been repealed. Title 62 O.S. 338 [62-338] (1961) provided: "In addition to all other items which are now or may hereafter be authorized to be paid from the Court Fund, the Board of County Commissioners in any county in this State may, upon authorization and approval by the District Judge, County Judge, and County Attorney, or a majority thereof, purchase radar and/or radio units to be used for traffic law enforcement in the county. Said radar and/or radio units may be used jointly by the sheriff and other law enforcement officers; provided, however, that such units must be used exclusively within the county where so purchased. Laws 1961, p. 470, 1" (Emphasis added) It is to be noted that the old statute authorized the purchase of radio and radar equipment to be used solely for the purpose of traffic law enforcement by the sheriff and other law enforcement officers. It is clear that an Associate district Judge and Probation Officer would not come within that class, therefore, radio equipment could not be purchased for those offices, under the purposes in the old Court Fund statute from unappropriated surplus court funds in existence from January 13, 1969, to January 1, 1972. Therefore, it is the opinion of the Attorney General that your question be answered in the negative. The purchase, installation and repair of a police radio or any other radio for the Associate District Judges' or Probation Officers' automobile is an improper expenditure from a Court Fund under the provisions of 20 O.S. 1304 [20-1304] (1971). It is also the opinion of the Attorney General that it would have been an improper expenditure for radio equipment to be purchased for an Associate District Judge and Probation Officer prior to January 1, 1972, from unappropriated surplus court funds pursuant to 20 O.S. 1970 1309 [20-1309] and 62 O.S. 338 [62-338] (1961), which have since been repealed. (Steven E. Moore)